Clifton POSEY, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Feb. 16, 1984.

Linda K. West, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Paul E. Reilender, Jr., Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

Appellant has been convicted of first-degree assault. He was sentenced to twenty (20) years, enhanced to life imprisonment upon his conviction as a first-degree persistent felony offender. He appeals as a matter of right. We affirm.

On November 4, 1982, in a corridor of the Bowling Green Business College, appellant stabbed a fellow student. The assault was committed in the mistaken belief that the fellow student had previously made sexual advances toward the appellant. His defense to the charge of assault was insanity.

The issue on this appeal is did the trial court erroneously admit evidence in rebuttal of appellant's insanity defense in disregard of the requirements of KRS 504.-070(4)? The statute provides:

"(4) No less than ten (10) days before trial, the prosecution shall file the names and addresses of witnesses it proposes to offer in rebuttal (of "evidence of . . . mental illness or insanity") along with reports prepared by its witnesses."

Pending trial the appellant was committed to the Kentucky Correctional Psychiatric Center. Pursuant to KRS 504.070(1) defense filed written notice of his intention to introduce evidence of mental illness or insanity as a defense.

At trial defense introduced the testimony of a licensed psychiatrist and a psychologist who had been treating the appellant for a mental illness during his confinement since the assault occurred, and the testimony of several lay witnesses, all of which would certainly have supported a verdict of not guilty by reason of insanity, had the jury so decided. But the question confronting us is

not whether the jury verdict was correct. The Commonwealth introduced the testimony of lay witnesses putting the issue of insanity in dispute. We are charged with deciding whether with regard to these witnesses the Commonwealth failed to comply with the requirements of KRS 504.070(4).

The statute was enacted in 1982. We have been cited no authority, and know of none, construing the meaning of subparagraph (4) where it requires that the Commonwealth furnish "the names and addresses of witnesses it proposes to offer in rebuttal." So far as we are aware, this is a question of first impression.

This particular subparagraph is the last of a series outlining a new procedure for both the defendant and the Commonwealth in cases where the defendant "intends to introduce evidence of his mental illness or insanity at the time of the offense." First the defendant is required to "file written notice of his intention." Next the prosecution is granted "time to move for examination of the defendant, or the court may order an examination on its own motion." The third section outlines the procedure to be followed "(i)f the court orders an examination," allowing for a continuance if necessary. Only then do we come to Section (4), which calls for the Commonwealth to furnish the names and addresses of rebuttal witnesses.

■ Considering the statute as a whole, step four is a stage in a procedure for psychiatric examination to develop rebuttal evidence *after* an insanity defense has been announced. It contemplates discovery as to *expert* testimony that will be developed by such an examination to counter the insanity defense. Construing the statute as a whole, it does not appear to be directed toward lay witnesses, but toward discovery as to the "names and addresses" of the expert witnesses who will be developed as a result of the examination contemplated by Sections (2) and (3). It is particularly significant that Section (4) requires, *in addition* to "the names and addresses of witnesses," that the Commonwealth *also furnish* the "reports prepared by its witnesses."

In short the discovery requirements of Section (4) are limited to the rebuttal witnesses that develop as part of the procedure outlined in the statute. The scope of the statute should be restricted to the particular situation which it covers. Its scope does not extend to other discovery not specifically covered by the statute.

■ The general rules on pretrial discovery in criminal cases are set out in RCr 7.24. The appellant does not suggest that the Commonwealth has not met or exceeded the requirements of this rule. Turning to the transcript we find that before the trial the Commonwealth furnished a complete "Witness List" that included the names and addresses of all of the lay witnesses who subsequently testified at the trial regarding their observations of the defendant.

Most if not all of these persons were witnesses to circumstances surrounding the event, who were called principally to testify about matters other than the appellant's mental condition and were then asked also about their observations as to his appearance. It would have been difficult, if not impossible, to clearly delineate which testimony related to mental condition and which did not. All testified before appellant introduced evidence raising the insanity defense. None expressed opinions that, strictly speaking, related to sanity. At best their testimony was as to observations regarding whether the appellant appeared normal or distraught within the limits of their observations.

Although their observations tended to cast doubt on whether the appellant was insane at the time of the offense, their testimony could hardly be classified as "rebuttal" evidence in the normal sense of the word, given the context in which it was offered.

One other factor emphasizes the Commonwealth's good faith in this matter. Shortly after the indictment was returned, the Commonwealth filed with the court and provided to defense counsel a large packet of materials styled "Commonwealth's Discovery Compliance Form." This form, with

attachments, seems to provide almost "open file" discovery. It included written statements made by most of the witnesses about whom appellant now complains. Certainly it provided discovery beyond any specific requirements in RCr 7.24. It appears to us that the Commonwealth has exercised the utmost good faith in this matter.

The judgment is affirmed.

All concur.